GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (714) 708-6500
Facsimile: (714) 708-6501

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC. and HOST MARRIOTT
CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| LAWRENCE CELANO and RICHARD THESING, individually and on behalf of all others similarly situated,, <br><br> Plaintiffs, <br><br> vs. <br><br> MARRIOTT INTERNATIONAL, INC., a Delaware corporation; HOST MARRIOTT CORPORATION, a Maryland corporation; OCEAN COLONY PARTNERS, L.L.C., a California limited liability company, <br><br> Defendants. | CASE NO. 05-CV-04004-PJH <br> **CLASS ACTION** <br> **STIPULATED PROTECTIVE ORDER** <br><br> CR:        3, 17th Floor <br> JUDGE:   Hon. Phyllis J. Hamilton <br> DATE ACTION FILED:      Oct. 4, 2005 |

oc-fs1\51362v07\77385.010100

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs LAWRENCE CELANO AND RICHARD THESING, and Defendants MARRIOTT INTERNATIONAL INC., HOST HOTELS & RESORTS, INC. (formerly known as HOST MARRIOTT CORPORATION), (hereinafter, collectively, the "parties"), through the undersigned attorneys for the parties herein that all parties hereto will adhere to the following provisions for the purpose of preventing disclosure of the Confidential Material of the parties:

1.      The purpose of this Order is to limit the disclosure and dissemination of confidential and/or proprietary information that is produced in the course of proceedings herein.  Defendants seek to protect the following documents as Confidential: operating agreements, leases, and certain financial documents.  The parties may designate these documents as Confidential Materials by stamping each page thereof with the word "Confidential."  The parties may not designate documents that are, or have been, public records as "Confidential."

### GOOD CAUSE STATEMENT

2.      Defendants' contend operating agreements, leases, and certain financial documents contain specific trade secret information with respect to its negotiations for terms of revenue. Defendants' contend that disclosure of this information would prejudice Defendants' contention of future negotiations.

3.      No copies of any Confidential Material shall be made except to the extent necessary for the preparation of this action for trial and/or evaluation of this action, which shall include the right of counsel or experts to make working copies of such documents, and if the duplicating process by which copies of Confidential Material are made does not reproduce the "Confidential" designation appearing on the original, and all copies shall be so stamped or designated as Confidential Material by some other means acceptable to counsel for the parties.

4.      Neither the Confidential Material, nor the information contained therein, may be disclosed by any person other than the witness or party  producing it, or counsel for any party engaged in the litigation of this action and professional, clerical, secretaries and other support personnel of such counsel, except solely for the purposes of this litigation, and only to the following persons:

1    (a)    all counsel for any party engaged in the litigation of this action and professional,
2    clerical, secretaries and other support personnel of such counsel necessary to assist in this action;

3    (b)    owners, directors, officers and employees, including in-house counsel, of parties
4    who are necessary to assist in this action;

5    (c)    experts who are retained to consult with or assist counsel for any party in the
6    preparation of this action;

7    (d)    witnesses in the course of deposition or trial testimony in the reasonable and good
8    faith belief of counsel that examination with respect to the Confidential Material is necessary for
9    legitimate examination or trial purposes, and any person who is being prepared to testify in the
10   reasonable and good faith belief of counsel that such person will be a witness in this action and that
11   his/her examination with respect to Confidential Material is necessary in connection with such
12   testimony;

13   (e)    this Court and its employees, the triers of fact and court reporters transcribing
14   testimony taken in this case and notarizing officers;

15   (f)    any other person as to whom the parties in writing agree; and

16   (g)    all named Plaintiffs;

17   5.    Plaintiffs may challenge any designation of confidentiality made through the
18   following procedure:

19   (a)    If Plaintiffs believe that any document or information or any portion thereof has
20   been improperly designated "Confidential," Plaintiffs may send a letter by certified mail to Defendants'
21   counsel stating that Plaintiffs do not believe that good cause exists for the designation ("Notice Letter").
22   Plaintiffs shall send this letter within 60 days of the receipt of the documents.

23   (b)    Defendants shall have 60 days from the receipt of the Notice Letter to seek an
24   order from the Court that the documents or information are entitled to be maintained as Confidential.

25   (c)    The documents and/or information shall remain subject to the protective order
26   during the 60-day period and, if an order is sought from the Court, until the Court denies the request.

27   (d)    If the Court denies the order, or no order is sought by Defendants within 60 days
28   the documents and/or information shall no longer be treated as Confidential.

6.    At the request of any party made either at the time of the deposition or within ten (10) days after the completion thereof, any deposition testimony of any person (and any exhibits attached to such testimony) which contain confidential information shall be designated as "Confidential" and shall be so marked on each and every page so designated (on the original and all copies thereof). Any document, deposition testimony, transcript, or exhibit so designated, and all reproductions, notes, summaries or other information derived from or contained in such materials shall be subject to the terms of this Stipulation and Order.

7.    Before disclosure of Confidential Material to persons described in paragraphs 4(c) and 4(d), such persons shall read this Stipulation and shall acknowledge that they are bound by its terms by signing and dating a copy of this Stipulation and indicating thereon their agreement to be so bound.

8.    Disputes over the designation of Confidential materials are be subject to the procedure set out above.

9.    If a person other than the witness or a named party is present at a deposition at which Confidential Material is to be elicited or disclosed and such person is not entitled access to such Confidential Material pursuant to paragraph 4 of this Stipulation, that person shall not be permitted to be present while Confidential Material is elicited or disclosed during the deposition.

10.    Nothing contained herein shall prevent any party from disclosing its own Confidential Material or information contained therein as deemed appropriate, provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Material pursuant to this Stipulation and Order, except that there is no waiver of the right to claim that the disclosure of such material renders such material no longer confidential.

11.    Counsel for the parties to whom Confidential Material has been furnished shall be responsible for employing the procedures described in this Stipulation and maintaining copies of the Agreements signed by those people to whom any Confidential Material will be disclosed.

12.    If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party or witness of all pertinent facts relating to such disclosure and shall attempt to prevent disclosure by each unauthorized person who received such information.

13.     If Plaintiffs wish to file a document that has been designated confidential by a Defendant or Defendants pursuant to this Stipulation, or if Plaintiffs wish to refer in a memorandum or other filing to information so designated by another party, Plaintiffs must file and serve an Administrative Motion pursuant to Civil Local Rule 79-5. If Plaintiffs file and serve an Administrative Motion for a sealing order, and the sole ground for the sealing order is that one or more Defendants has designated the document as confidential, then the Defendant(s) shall file a declaration establishing good cause for the sealing, along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the Defendant(s). If the declaration is not timely filed, the court may order that the document be filed in the public record.

14.     The inadvertent or unintentional production of privileged or confidential material shall not be deemed a waiver in whole or in part of a party's claim of privilege or confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject matter.

15.     This Stipulation shall not be deemed a waiver of:

(a)     any party's right to object to any discovery request on any ground or to seek a protective order providing further protection for particular documents or portions thereof;

(b)     any party's right to seek an order compelling discovery with respect to any discovery request;

(c)     any party's right to claim that any information disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

16.     Disputes over the continuing effectiveness of the stipulation should be subject to the procedure set out in Paragraph 5.

17.     Unless otherwise agreed in writing by the party or witness designating such Confidential Material or ordered by the Court, upon final determination of this action, including all appeals, each person receiving Confidential Material shall return to the producing party or witness all Confidential Material in its possession or control, and all copies thereof, or at its option shall destroy all documents and other material or portions thereof containing or reflecting any Confidential Material, except that nothing contained in this provision shall require that the parties destroy attorney work product or turn

over attorney work product to another party.  Counsel may retain any attorney work product which includes Confidential Material after the conclusion of this litigation but the confidentiality of such material must be maintained.

18.     Having reviewed the terms and provisions herein, the parties and the Court agree that this Confidentiality Stipulation and Protective Order shall govern the handling of Confidential Material in this case.

DATED: May 26, 2006          CHAVEZ & GERTLER LLP


By _____
Mark Chavez, Esq.
Attorneys for Plaintiffs
LAWRENCE CELANO and RICHARD THESING


DATED:  May 26, 2006          DISABILITY RIGHTS ADVOCATES


By _____
Kevin Knestrick, Esq.
Attorneys for Plaintiffs
LAWRENCE CELANO and RICHARD THESING


DATED: May 31, 2006          GREENBERG TRAURIG, LLP


By _____
Gregory F. Hurley, Esq.
Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC., a Delaware
corporation, and HOST HOTELS & RESORTS (formerly
known as HOST MARRIOTT CORPORATION)

1    **IT IS SO ORDERED.**

2

3    DATED:  6/16/06
     _____

4                                    Hon. Phyllis J.
                                     UNITED STA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

**Celano v. Marriott et al.,**
**U.S.D.C., NO. DIST. OF CA, CASE NO. 05-CV-04004-PJH**

3

4 **STATE OF CALIFORNIA, COUNTY OF ORANGE**

5      I am employed in the aforesaid county, State of California; I am over the age of 18 years and not
a party to the within action; my business address is 650 Town Center Drive, Suite 1700, Costa Mesa,
6 California 92626.  On June 1, 2006, I served the **STIPULATED PROTECTIVE ORDER** on the
interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage
7 prepaid, addressed as follows:

8

| Mark A. Chavez, Esq. | Laurence W. Paradis, Esq. |
|---|---|
| Kim E. Card, Esq. | Kevin Knestrick, Esq. |
| Andrea S. Visveshwara, Esq. | DISABILITY RIGHTS ADVOCATES |
| CHAVEZ & GERTLER LLP | 2001 Center Street, Third Floor |
| 42 Miller Avenue | Berkeley, CA 94704-1204 |
| Mill Valley, CA 94941 | Tele:  (510) 665-8644 |
| Tele: (415) 381-5599 | Fax:  (510) 665-8511 |
| Fax: (415) 381-5572 | *Counsel for Plaintiffs* |
| *Counsel for Plaintiffs* | |

13

☒    **(BY MAIL)**

14          I deposited such envelope in the mail at Costa Mesa, California.  The envelope was mailed
with postage thereon fully prepaid.  I am readily familiar with the business practice of my
15      place of employment in respect to the collection and processing of correspondence, pleadings
and notices for mailing with United States Postal Service.  The foregoing sealed envelope was
16      placed for collection and mailing this date consistent with the ordinary business practice of my
place of employment, so that it will be picked up this date with postage thereon fully prepaid at
17      Costa Mesa, California, in the ordinary course of such business.

18 ☐   **(BY FACSIMILE)**

          On June 1, 2006, I transmitted the foregoing document(s) by facsimile sending number.
19      Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the
transmission, a true and correct copy of which is attached to this declaration.

20

☐   **(BY PERSONAL SERVICE)**

21          I delivered such envelope by hand to the offices of the addressee.  Executed on June 1, 2006, at
Costa Mesa, California.

22 ☐   **(STATE)**      I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

23 ☒   **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct,
and that I am employed at the office of a member of the bar of this Court
24      at whose direction the service was made.

25      Executed on June 1, 2006, at Costa Mesa, California.

26                                              _____
                                                     Pamela J. Carvalho

27

28

oc-fs1\46697v01\77385.010100