UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE CELANO, RICHARD THESING, and WILLIAM HEFFERON on behalf of themselves and all others similarly situated,

        Plaintiffs,

    v.

MARRIOTT INTERNATIONAL, INC., a Delaware corporation,

        Defendant.
_____/

No. C 05-4004 PJH

**ORDER RE ADMINISTRATIVE MOTION TO SHORTEN TIME**

        Before the court is defendant Marriott International's administrative motion requesting that the court hear a motion to stay plaintiffs' motion for class certification on shortened time. Plaintiffs' class certification motion is currently pending, with a hearing date set for December 13, 2006. Marriott's opposition to the class certification motion is due November 22, 2006.

        Marriott asserts that its motion to stay should be heard on shortened time – and is independently warranted – for three reasons: (1) Marriott has not yet had the opportunity to depose named representative plaintiff William Hefferon, and cannot properly oppose plaintiffs' class certification motion without doing so; (2) Marriott has not yet had the opportunity to depose eight class representatives who were disclosed for the first time in connection with the filing of plaintiffs' motion for class certification; and (3) any ruling by the court on the motion for class certification must be deferred in order to allow Marriott to first file a dispositive motion addressing the merits of plaintiffs' complaint.

        The court is persuaded that Marriott has shown good cause regarding its need to depose named class representative William Hefferon prior to the filing of its opposition brief. Plaintiffs concede that, although they notified Marriott of their desire to add Mr.

Hefferon as named class representative as far back as July, it was not until October 18, 2006, that plaintiffs filed an amended complaint actually doing so.  Accordingly, it was not until recently that Marriott had reason to officially rely on Mr. Hefferon's status as named class representative.  The court also finds that Marriott has shown diligence in seeking to depose Mr. Hefferon, that it is entitled to do depose him prior to filing its opposition to class certification, and that it is entitled to rely on that deposition testimony in connection with the filing of its opposition.

By contrast, Marriott has failed to show good cause regarding its need to depose the eight putative class members whose identities were disclosed via submitted declarations in connection with the filing of plaintiffs' class certification motion.  As plaintiffs point out in their opposition to Marriott's administrative motion, Marriott's claim of need is seriously undermined by its failure to question or depose any of the fourteen putative class members whose identities *were* disclosed as far back as seven months ago, many of whose declarations were also submitted in connection with plaintiffs' motion for class certification.  In view of these facts, Marriott cannot now seriously contend that its need for the additional depositions is critical, or that it must rely on such depositions prior to the filing of its opposition to class certification.

Finally, Marriott contends that a stay is necessary in order for Marriott to first file a motion for summary judgment, which Marriott claims would allow for a dispositive ruling on the merits of the case, and should therefore take precedence over the pending motion for class certification.  Unlike the previous two issues, however, this issue does not lend itself to ready analysis, and the court prefers to consider it after both sides have had an opportunity to fully brief it.  Accordingly, with respect to this limited issue, the court will allow Marriott's motion to stay to go forward, although the court will not hold a hearing on the motion.  Rather, the court will give plaintiffs an opportunity to file an opposition to Marriott's motion to stay on this limited issue, and Marriott will be granted an opportunity to reply.  The motion will be submitted on the papers, and the court's ruling on the matter shall issue

without a hearing.

Accordingly, and in light of the above, the court hereby orders as follows:

1. Marriott's request to shorten time for a motion to stay, on grounds that it has not yet had the opportunity to depose named class representative Mr. Hefferon, is DENIED.  Rather, and in view of the November 29, 2006 scheduled date for Mr. Hefferon's deposition, the court grants Marriott until December 6, 2006, to file its opposition to plaintiffs' motion for class certification.  Plaintiffs shall file their reply in support of the motion for class certification by December 13, 2006.  The hearing on plaintiffs' class certification motion will be CONTINUED, however, pending the court's substantive ruling on Marriott's motion to stay regarding the summary judgment issue.  A hearing date will be scheduled after the court rules on the motion to stay.

2. Marriott's request to shorten time for a motion to stay, on grounds that it has not yet had the opportunity to depose eight class representatives who were disclosed for the first time in connection with the filing of plaintiffs' motion for class certification, is DENIED for failure to demonstrate good cause.

3. Marriott's request to shorten time for a motion to stay, on grounds that the court should defer the motion for class certification to accommodate Marriott's dispositive motion first, is GRANTED.  Plaintiff shall file an opposition to the motion to stay, on these limited grounds, no later than December 4, 2006.  Marriott shall file its reply, if any, no later than December 6, 2006.  The motion shall be submitted on the papers.

**IT IS SO ORDERED.**

Dated: November 21, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

3