1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE CELANO, RICHARD THESING,
and WILLIAM HEFFERON, individually and
on behalf of all others similarly situated,

        Plaintiffs,

    v.

MARRIOTT INTERNATIONAL, INC., a
Delaware corporation,

        Defendant.
_____/

No. C 05-4004 PJH

**ORDER SUSTAINING IN PART AND
DENYING IN PART DEFENDANT'S
OBJECTIONS TO SANCTIONS ORDER**

      On April 9, 2007, Magistrate Judge James Larson ordered that defendant Marriott

International, Inc. ("Marriott" or "defendant") pay sanctions based on its discovery conduct

("Sanctions Order").  Marriott objected to the sanctions order on April 23, 2007, and

plaintiffs responded on May 3, 2007.  Having read the parties' papers and carefully

considered their arguments and the relevant legal authority, and good cause appearing, the

court hereby SUSTAINS in part and DENIES in part defendant's objections to the

Sanctions Order.

## BACKGROUND

      This is a case arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12101 et seq., the California Disabled Persons Act ("CDPA"), Cal. Civil Code §§ 54 et

seq., and California's Unruh Civil Rights Act, Cal. Civil Code § 51.  Plaintiffs allege that

defendant's failure to provide "accessible" or "single-rider" golf carts to allow disabled

persons to play golf at defendant's courses violates these provisions.

      The relevant background of the discovery conduct in this case is as follows.  On

September 1, 2006, Magistrate Judge Larson found that plaintiffs have standing to take

United States District Court

For the Northern District of California

1  discovery on all Marriott's golf facilities and ordered that defendant could produce

2  searchable CDs in discovery.

3      On September 8, 2006, plaintiffs served their second request for production on

4  Marriott, requesting various financial documents specifically identified in Marriott's

5  management agreements (operating budgets, operating statements, etc.) and described by

6  Marriott witnesses during depositions.  On October 13, 2006, Marriott filed timely written

7  responses agreeing to produce all responsive, non-privileged documents in its possession

8  with the sole exceptions of requests 43, 44, and 46, as to which Marriott represented that

9  all responsive documents had previously been produced or did not exist.  Marriott did not

10 produce any documents with its response.  Marriott's responses stated that depending on

11 the volume of documents, inspection of documents would be conducted where they are

12 kept in the usual course of business.

13     On October 17, 2006, plaintiffs' counsel, Nance F. Becker, called Marriott's counsel,

14 Stacey Herter, and inquired when the requested documents would be produced.  Ms.

15 Becker stated her belief that the documents were potentially relevant to plaintiffs' motion for

16 class certification, and that if the documents were not promptly produced, plaintiffs would

17 file a motion to compel.  Ms. Herter stated that Marriott was compiling documents and

18 would by October 20 give plaintiffs a date certain by which they could expect documents.

19 Plaintiffs' counsel sent a confirming letter.  However, Marriott failed to provide plaintiffs with

20 a date by which they could expect to receive the documents as promised.

21     A few weeks later, on November 9, 2006, Marriott produced some paper copies of

22 documents to plaintiffs, described as documents in response to plaintiffs' request for

23 production.  Marriott later sent a summation disk with electronic copies of the same

24 documents.  On November 20, 2006, upon plaintiffs' counsel's inquiry, Marriott's counsel

25 stated that she believed these were the only responsive documents but needed to confirm

26 with her client.  Two days later, plaintiffs sent their proposed motion to compel to Marriott,

27 asking that it state its position in the joint statement.  Plaintiffs filed a motion to compel with

28 a joint statement on December 1, 2006.

United States District Court
For the Northern District of California

1    Over the next few months, Marriott claims it disclosed and confirmed to plaintiffs that

2    it only had limited correspondence and budgets, that other documents would be made

3    available to plaintiffs at the individual resorts, that it tried to gather documents, and that it

4    followed up with various directors to do so.  It also provided plaintiffs with a compiled list of

5    directors at courses on December 14, 2006, two months after plaintiffs' document request.

6    On January 4, 2007, plaintiffs filed a motion for discovery sanctions seeking

7    attorney's fees, and Marriott waived a right to a hearing.

8    Magistrate Judge Larson held a hearing on plaintiffs' motion to compel on January

9    17, 2007.  The court granted the motion in part, and ordered counsel to meet and confer

10   regarding the remaining Marriott locations for which documents had not been produced,

11   and ordered Marriott to index and disclose the sources of documents and submit, within ten

12   days, a joint letter on the results of their efforts.  On January 26, 2007, the parties

13   submitted their joint letter.  In that letter, plaintiffs identified nine facilities for which they had

14   received no financial or accounting documents.  Marriott responded with respect to each.

15   Essentially, Marriott's counsel stated either that:  (1) documents were produced for those

16   facilities and Marriott would identify those documents and make efforts to produce any

17   additional documents, (2) no responsive documents existed, or (3) Marriott is still

18   attempting to gather the documents.  For a few of these facilities, Marriott also produced

19   (for the first time) responsive documents in late January 2007.  Plaintiffs also identified 15

20   facilities for which the production remained incomplete.  Marriott conceded it did not

21   produce documents reflecting certain communications as requested, but counsel

22   represented that she had asked for such documents and turned over what little she

23   received and would renew her request.  Marriott also agreed to try to locate certain golf cart

24   lease agreements which were part of plaintiffs' requests, but not part of their motion to

25   compel.

26   The parties agreed that Marriott would prepare and provide an index to all produced

27   documents identifying, with bates number, the range of documents produced with respect

28   to each facility and source of documents.  The parties mutually agreed on a February 16,

3

United States District Court
For the Northern District of California

2007 deadline for Marriott's compliance, and agreed that Marriott would be precluded from submitting or introducing testimony regarding any responsive documents not produced by that deadline without further written agreement of the parties or order of the Court. In that letter, Marriott detailed numerous efforts it was making to retrieve various documents. Marriott contends it provided the index as promised.

On March 2, 2007, however, plaintiffs submitted a letter to Judge Larson regarding Marriott's failure to comply with the discovery order. Plaintiffs argued that Marriott only produced a sprinkling of the communication/correspondence documents, failed to provide information as to whether additional documents existed, and failed to produce any emails. Plaintiffs also claimed that production of financial data was still incomplete (for example, only data for 2006-2007 was produced even though plaintiffs requested data from 2000-2007) and that no documents were produced for the Camelback Inn resort. Marriott also failed to produce its agreements with accessible golf cart manufacturers. Marriott noted that plaintiffs' counsel never attempted to meet and confer with it before this point about its failures. On March 6, Marriott responded to the letter, claiming it had produced each and every responsive document to plaintiffs in form of summation load files on CD, as well as by index. Magistrate Judge Larson conducted an in camera review of the correspondence and plaintiffs' attempts to get documents from Marriott.

On April 6, 2007, Magistrate Judge Larson granted sanctions, awarding plaintiffs $9,300.00 in attorney's fees. The Sanctions Order noted that pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure ("FRCP"), the court must require the party who failed to provide discovery to pay the requesting party's attorney's fees when a motion to compel discovery is granted or if discovery is provided only after a motion is filed. There are only two exceptions: if the movant failed to make a good faith effort to obtain the discovery without court action or the opposing party's failure was substantially justified, or if other circumstances make an award of expenses unjust. The court found that Marriott failed to show that its failure was substantially justified or that sanctions would be unjust. Namely, the court relied on the facts that: (1) almost all documents Marriott produced

United States District Court

For the Northern District of California

arrived after plaintiffs filed their motion to compel; (2) Marriott never requested an extension of time; (3) defense counsel failed to explain why it took months to even compile a list of names and numbers of employees in charge of the responsive documents; (3) the Marriott email directing its personnel to search for responsive documents is dated December 28, months after the request and weeks after plaintiffs moved to compel; (4) Marriott withheld documents such as documents from the Camelback golf course, which it owns, which were not produced until January 26, 2007 and documents from the Rookery course, which were not produced as of January 26, 2007; (5) documents were not produced as kept in the ordinary course of business, nor were they indexed or organized; and (6) Marriott's counsel admitted she did not review documents for responsiveness and compliance with the federal rules before passing them along to plaintiffs.  The court noted that Marriott failed "utterly, repeatedly and deliberately" and that its production was "haphazard, overdue, piecemeal and incomplete."

The $9,300 award for attorney's fees includes time spent by attorneys Kevin Knestrick and Nance Becker for meet and confer efforts and for preparing the motion to compel ($6312).  It also includes an estimated $3000 for Becker's approximated 10 hours of work on the sanctions motion.  Marriott now objects to the Sanctions Order.

## DISCUSSION

### A.    Legal Standards

Magistrate judges' rulings on nondispositive motions may be set aside or modified by the district court only if found to be "clearly erroneous" or "contrary to law."  FRCP 72(a). The "clearly erroneous" standard applies only to the magistrate judge's findings of fact.  A finding of fact is clearly erroneous if the court has a definite and firm conviction that a mistake has been committed.  *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992).  The magistrate judge's legal conclusions are freely reviewable de novo to

//

//

5

United States District Court

For the Northern District of California

determine whether they are contrary to law. *See United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984).[1]

FRCP 37(a)(4)(A) provides that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

An award of expenses does not require a showing of willfulness or improper intent. Rather, the standard is whether there was "substantial justification" for the losing party's conduct. *See Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). The burden is on the losing party to show substantial justification.

**B.    Defendant's Objections**

Marriott argues that Magistrate Judge Larson's finding that Marriott failed to show that its failure was substantially justified or that an award of sanctions would be unjust is contrary to law.[2]  In support of its objections, Marriott first argues that the finding that its counsel failed to explain why it took several months to compile a list of the names and numbers of its employees in charge of the responsive documents is contrary to law.

---

[1]  Marriott acknowledges the clearly erroneous standard applies to review of factual findings, but notes that there was no live testimony or oral argument.  Marriott, however, agreed to have the sanctions motion decided on the papers.  In addition, there was a hearing on the motion to compel.

[2]  Marriott does not claim that plaintiffs failed to make a "good faith effort to obtain disclosure" before filing their motion to compel.  Plaintiffs' counsel contacted Marriott's counsel on October 17, 2006 and November 20, 2006 to inquire about when the documents would be produced, and sent Marriott its proposed motion to compel.  Plaintiffs, therefore, made a good faith effort to obtain disclosure.

United States District Court

For the Northern District of California

1  Marriott, however, cites the wrong standard as the court must determine whether this

2  factual finding is "clearly erroneous."  It is not.

3      Marriott never made any substantive objections to plaintiffs' document requests.  In

4  Marriott's opposition to plaintiffs' motion to compel, Marriott did not object to producing the

5  documents.  Rather, it waited until plaintiffs moved to compel to argue that plaintiffs sought

6  "extensive, complex and voluminous financial documents spanning the course of six years".

7  Opp. to Mot. to Compel at 1:7.  But Marriott never requested an extension of time in which

8  to produce documents.  Nor did it seek a protective order.  If Marriott believed plaintiffs'

9  requested discovery was overly broad, it was incumbent upon Marriott to object, request

10  additional time, or move for a protective order.

11      Marriott also maintains that while it may have been required to *produce* documents

12  to plaintiffs, it was not required to *deliver* such documents to plaintiffs.  While Marriott

13  asserts that documents located at its properties throughout the United States were

14  available for plaintiffs' inspection, Marriott did not disclose these inspection locations to

15  plaintiffs until after they filed their motion to compel on December 1, 2006.  For example,

16  Marriott did not provide plaintiffs with a compiled list of directors at the various courses who

17  were custodians of the records until December 14, 2006 – over two months after plaintiffs

18  served their document requests.  Marriott has not explained why it took so long to compile

19  a list of its own directors.  Marriott has not demonstrated that it made any efforts prior to

20  December 1, 2006 to assess what documents it had at its various locations.  Marriott,

21  therefore, has not satisfied its burden in showing that its nondisclosure was "substantially

22  justified" based on efforts made before plaintiffs filed their motion to compel.

23      Marriott also objects to the Magistrate Judge's conclusion that Marriott failed "utterly,

24  repeatedly, and deliberately" and that its production was "haphazard, overdue, piecemeal

25  and incomplete."  Given the broad nature of plaintiffs' document requests, the large number

26  of Marriott resorts involved, the fact that plaintiffs requested documents for a six year

27  period, and the fact that Marriott produced additional documents on January 26, 2007 and

28  continued to search for documents after that date, Marriott's behavior *following* its January

7

United States District Court

For the Northern District of California

1  production is not sanctionable.  After Marriott compiled a list of directors of golf courses at

2  its resorts, Marriott's counsel personally followed up with the directors in January 2007 to

3  inquire about the requested documents.  It received responsive documents in January

4  2007, and gave these documents to plaintiffs.  It also produced an index and produced

5  documents in the form of summation load files on a searchable CD.  While plaintiffs wrote

6  to the court in March 2007 regarding further deficiencies in production, plaintiffs did not

7  meet and confer with Marriott's counsel beforehand, and Marriott maintained it produced

8  each and every responsive document to plaintiffs.  In light of these efforts, Marriott's failure

9  to immediately produce all of the responsive documents in January 2007 was substantially

10  justified, as it was making reasonable efforts to do so at that point in time.  Plaintiffs

11  counsel is therefore not entitled to fees for its meet and confer and other discovery efforts

12  following January 26, 2007.

13  　　　　Marriott also objects to the Magistrate Judge's order on the grounds that plaintiffs'

14  discovery was premature, as plaintiffs were only entitled to class certification discovery, not

15  merits discovery.  However, Marriott has waived this argument, as it never before objected

16  on this ground.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473

17  (9th Cir. 1992).  In any event, Marriott relied on facts relating to its agreements with

18  accessible golf cart companies – discovery sought by plaintiffs – in opposing class

19  certification, indicating to this court that at least some of plaintiffs' requested discovery

20  related to class certification.

21  　　　　Finally, Marriott argues that plaintiffs' request for sanctions became moot when this

22  court denied plaintiffs' motion for class certification.  However, at least half of the golf

23  courses whose documents are at issue are located in the states where the three named

24  plaintiffs reside, and Marriott's contracts with the accessible golf cart manufacturers are still

25  relevant to the action.  It is true that the denial of class certification will affect the future

26  scope of discovery.  Furthermore, the scope of the case going forward could also affect the

27  amount of sanctions, since plaintiffs' discovery requests could include some locations for

28

1  which plaintiffs may not be entitled to discovery.  In light of the above, the court will stay

2  determining the amount of sanctions to be paid to plaintiffs until the end of the case.

3                                        **CONCLUSION**

4          For the foregoing reasons, the court hereby SUSTAINS in part and DENIES in part

5  Marriott's objections.  It is further ordered that the parties shall meet and confer regarding

6  plaintiff's motion for issue preclusion sanctions filed on April 20, 2007.  The parties shall

7  discuss whether the court still needs to decide that motion in light of its finding that

8  Marriott's conduct prior to January 26, 2007 when it produced additional documents to

9  plaintiffs is sanctionable, although conduct occurring thereafter is not.  The parties shall

10 then advise the court of the results of their meet and confer in a joint status statement to be

11 filed within 15 days of this order.  If the parties decide that the motion for issue preclusion

12 sanctions need be decided, the parties should set forth a briefing schedule in their joint

13 statement, and the court will decide the motion on the papers.

14 **IT IS SO ORDERED.**

15 Dated: July 13, 2007

16                                      _____
                                        PHYLLIS J. HAMILTON
17                                      United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California