1

2

3

4
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

5

6 LAWRENCE CELANO, RICHARD THESING, and WILLIAM HEFFERON, individually and on behalf of all others similarly situated,

7
        Plaintiffs,                  No. C 05-4004 PJH

8
        v.                     **ORDER RE MOTION FOR ISSUE**

9
                                **PRECLUSION SANCTIONS**
 MARRIOTT INTERNATIONAL, INC., a

10 Delaware corporation,

11
        Defendant.
_____/

12

13      On July 13, 2007, this court issued an order ("July 13 Order") sustaining in part and

14 overruling in part Marriott International, Inc.'s ("Marriott" or "defendant") objections to the

15 magistrate judge's order imposing discovery sanctions.  The court found that monetary

16 sanctions were warranted for defendant's pre-January 26, 2007 discovery conduct, but not

17 for conduct occurring thereafter.  The court further deferred any determination as to the

18 amount of sanctions until the end of the case.  With respect to plaintiffs' April 20, 2007

19 motion for issue preclusion sanctions based on the same conduct, the court ordered the

20 parties to meet and confer on the question whether the July 13 Order mooted plaintiffs'

21 motion for these additional sanctions.  The parties were ordered to file a joint status report

22 on July 28, 2007.  On July 27, 2007, the parties advised that they were still conferring

23 regarding whether it was necessary for the court to decide plaintiffs' motion for issue

24 preclusion sanctions.  The parties noted that the more pressing issue was defendant's

25 compliance with its discovery obligations going forward.  The court granted the parties'

26 request to extend the filing deadline for their joint report.

27      In their August 29, 2007 status report, the parties do not address whether issue

28 preclusion sanctions are warranted for defendants' pre-January 26, 2007 conduct, which

was the subject of both the July 13 Order and the plaintiffs' April 20, 2007 motion.  Rather,

1  the parties argue about recent conduct  which has not yet been determined to violate any

2  discovery obligations or duties.  Plaintiffs seem to argue that defendants' current and

3  ongoing discovery conduct supports the request for sanctions made in their earlier-filed

4  motion.  However, no motion to compel has been filed and no determination has been

5  made that defendant *is* engaging in current discovery abuses.  The status report that the

6  court requested on the April 20, 2007 motion, is not a proper vehicle in which to bring any

7  ongoing discovery disputes to the court's attention.  Rather, a meet and confer session

8  followed by a motion to compel if necessary, is the proper route.  If plaintiffs are able to

9  succeed on yet another motion to compel, then they may once again seek sanctions.

10  However, these motions must be brought in the first instance before Magistrate Judge

11  Larson.

12          Accordingly, it is hereby ORDERED that

13          1) plaintiffs' motion for issue preclusion sanctions based on defendant's pre-January

14  26, 2007 conduct is DENIED WITHOUT PREJUDICE; it may be re-filed if not resolved after

15  the close of discovery and after all discovery motions have been heard and decided; if re-

16  filed, it need not be filed with Magistrate Judge Larson first.

17          2) as previously ordered, the amount of monetary sanctions to be awarded for

18  defendant's pre-January 26, 2007 conduct will be determined at the end of the case.

19          3) any discovery disputes based on conduct arising after Magistrate Judge Larson's

20  April 6, 2007 order and this court's July 13, 2007 order, must first be brought to the

21  attention of Magistrate Judge Larson, who will decide motions to compel and/or for

22  sanctions in the first instance.

23          **IT IS SO ORDERED.**

24  Dated: September 5, 2007

25  _____

PHYLLIS J. HAMILTON
26  United States District Judge

27

28